UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                   CASE NO.   8:10-cr-162-T-23MAP
                                                                8:14-cv-1140-T-23MAP

CHARLES SISTRUNK

_____/

## O R D E R

Sistrunk's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the

validity of his conviction for being a felon in possession of a firearm.  In 2010

Sistrunk pleaded guilty with the benefit of a plea agreement, and in 2011 he was

sentenced to 203 months imprisonment.[*]  Sistrunk filed no appeal.  In 2012 his

one–year limitation for moving to vacate his sentence under 28 U.S.C. § 2255

expired.  In his motion to vacate Sistrunk mistakenly believes that his career offender

sentence is invalid under the retroactive application of *Descamps v. United States*,

133 S. Ct. 2276 (2013).  The motion to vacate was dismissed (Doc. 4) because

(1) Sistrunk waived his right to challenge the calculation of his sentence, (2) the

motion to vacate is time-barred, and (3) *Descamps* is not afforded retroactive

application.  Sistrunk moves under Rule 59(e), Federal Rules of Civil Procedure, to

alter or amend a judgment.  (Doc. 5)

_____

[*] Sistrunk benefits from serving the sentence concurrently with a term of imprisonment imposed in
Hillsborough County, Florida, Circuit Court number 2010-CF-1910.

Sistrunk erroneously asserts that, contrary to *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992), *cert. denied*, 513 U.S. 1162 (1995), the earlier order does not address every claim asserted in the motion to vacate.  To the contrary, the motion to vacate asserts two claims — both of which depend upon the retroactive application of *Descamps* — and the earlier order determines that Sistrunk is not entitled to the retroactive application of *Descamps*.

In his Rule 59(e) motion, Sistrunk asserts two new claims.  First Sistrunk alleges that the "residual clause" of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague and cites *Johnson v. United States*, 134 S. Ct. 1871 (2014) (granting a writ of *certiorari* to address whether the residual clause in the ACCA is unconstitutionally vague).  As determined in the earlier order (Doc. 4), Sistrunk's motion to vacate is time-barred unless he shows entitlement to a new limitation under Section 2255(f)(2–4).  Sistrunk's vagueness challenge is time-barred.  Whether Sistrunk will qualify for a new limitation is speculative until *Johnson* is decided.  Second Sistrunk alleges that his appeal waiver does not preclude his challenging a sentence imposed unlawfully under the ACCA and cites *United States v. Jones*, 743 F.3d 826, 828 n.2 (11th Cir. 2014) ("[W]ithout the ACCA enhancement, the maximum sentence Jones could have received under the statute is ten years.  *See* 18 U.S.C. § 924(a)(2).  The enhancement gave Jones a sentence of 15 years, which is 'in excess of the statutory maximum.'  As a result, the reserve clause in the appeal

waiver applies and the waiver does not."). Sistrunk acquires no benefit under *Jones* because (1) the decision was issued on a direct appeal and not a collateral attack and, as a consequence, (2) the decision does not involve a statute of limitation. Sistrunk discloses no reason he could not have asserted this challenge before his federal limitation expired in 2012.

Lastly, Sistrunk complains that the district court must retroactively apply *Descamps* because in other cases the United States has waived the statute–of–limitation affirmative defense. Whether a party waives or asserts an affirmative defense in one case is irrelevant in another case.

Accordingly, Sistrunk's Rule 59(e) motion is **DENIED**.

ORDERED in Tampa, Florida, on April 15, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE